ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 28, 2009

Ms. Ilse Bailey
Acting Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. GA-0753

Re: Whether a peace officer who has taken a person into custody under chapter 573 of the Health and Safety Code may be required to transport that individual to a medical facility for evaluation prior to taking that person to a mental health facility (RQ-0809-GA)

Dear Ms. Bailey:

The Texas Mental Health Code, codified as subtitle C of title 7, Health and Safety Code (consisting of sections 571.001 through 578.008) pertains to the care and treatment of mentally ill individuals. *See* TEX. HEALTH & SAFETY CODE ANN. chs. 571–578 (Vernon 2003 & Supp. 2009). Chapter 573 provides for the emergency detention of a person who is believed to be mentally ill and a risk to him or herself or to others. *See id.* ch. 573. You ask whether a peace officer who takes a person into custody under chapter 573 may be required to transport that person to a medical facility for a medical evaluation prior to taking that person to a mental health facility.[1] You explain that the local "inpatient mental health facilities require that proposed patients be 'medically cleared' before they will accept the person for mental health treatment." Request Letter at 1.

A peace officer may take custody of and transport a person under chapter 573 in two circumstances. First, chapter 573, subchapter A, authorizes a peace officer to take a person into custody, without a warrant, in narrow, specified circumstances. *See* TEX. HEALTH & SAFETY CODE ANN. § 573.001(a) (Vernon 2003). The peace officer taking a person into custody under section 573.001 is required to "immediately transport the apprehended person to: (1) the nearest appropriate

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov) (original request from Honorable M. Rex Emerson, former Kerr County Attorney).

inpatient mental health facility;[2] or (2) a mental health facility[3] deemed suitable by the local mental health authority, if an appropriate inpatient mental health facility is not available." *Id.* § 573.001(d) (footnotes added). The peace officer is then required to "immediately file an application for detention after transporting a person to a facility." *Id.* § 573.002(a).

Second, chapter 573, subchapter B, authorizes any adult to file a written application for the emergency detention of another person. *See id.* § 573.011(a). Upon certain findings by the judge or magistrate regarding a person's mental illness and risk of harm, the "magistrate shall issue to an on-duty peace officer a warrant for the person's immediate apprehension." *Id.* § 573.012(d) (Vernon Supp. 2009). The "person apprehended . . . shall be transported for a preliminary examination in accordance with Section 573.021 to: (1) the nearest appropriate inpatient mental health facility; or (2) a mental health facility deemed suitable by the local mental health authority, if an appropriate inpatient mental health facility is not available." *Id.* § 573.012(e).

As we consider your question, we examine chapter 573 mindful that in construing statutes courts seek first to determine the Legislature's intent. *See Leland v. Brandel,* 257 S.W.3d 204, 206

---

[2]"Inpatient mental health facility" means a mental health facility that can provide 24-hour residential and psychiatric services and that is:

> (A) a facility operated by the department [Texas Department of Mental Health and Mental Retardation];
>
> (B) a private mental hospital licensed by the Texas Department of Health;
>
> (C) a community center, facility operated by or under contract with a community center or other entity the department [Texas Department of Mental Health and Mental Retardation] designates to provide mental health services;
>
> (D) a local mental health authority or a facility operated by or under contract with a local mental health authority;
>
> (E) an identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided and that is licensed by the Texas Department of Health; or
>
> (F) a hospital operated by a federal agency.

TEX. HEALTH & SAFETY CODE ANN. § 571.003(9) (Vernon Supp. 2009).

[3]"Mental health facility" means:

> (A) an inpatient or outpatient mental health facility operated by the department, a federal agency, a political subdivision, or any person;
>
> (B) a community center or a facility operated by a community center; or
>
> (C) that identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided.

*Id.* § 571.003(12).

(Tex. 2008). Courts look to the statute's plain language under the assumption that the Legislature meant what it said and that its words are the surest guide to its intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999). Where language of a statute is unambiguous and its meaning clear, courts give effect to the statute according to its terms. *See id.*

The plain language of subsections 573.001(d) and 573.012(e) directs a peace officer to transport a person in custody under chapter 573 to only two types of facilities: (1) an "inpatient mental health facility;"[4] or (2) a "mental health facility." TEX. HEALTH & SAFETY CODE ANN. § 573.001(d) (Vernon 2003), 573.012(e) (Vernon Supp. 2009). The two subsections contain no grant of authority to an inpatient mental health facility or mental health facility. *See id.* §§ 573.001(d) (Vernon 2003), 573.012(e) (Vernon Supp. 2009). Specifically, neither subsection 573.001(d) nor subsection 573.012(e) authorize such facilities to direct a peace officer in any manner, much less to require a peace officer to transport a person in custody under chapter 573 to a facility other than one authorized under chapter 573. *See id.* §§ 573.001(d) (Vernon 2003), 573.012(e) (Vernon Supp. 2009); *see also generally* TEX. CODE CRIM. PROC. ANN art. 2.13 (Vernon 2005) (setting out duties and powers of peace officers but containing no provision authorizing mental health facilities to direct a peace officer). Moreover, chapter 573 contains no grant of authority allowing an inpatient mental health facility or mental health facility to reject a person transported by a peace officer under chapter 573 for lack of a medical evaluation and clearance. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 573 (Vernon 2003 & Supp. 2009). Because we must give effect to the statute's plain language and because the statute contains no grant of authority to such facilities, we conclude that an inpatient mental health facility or a mental health facility is not statutorily authorized to require a peace officer to transport a person in custody under chapter 573 to a medical facility for a medical evaluation prior to taking that person to the mental facility.[5]

We received several briefs informing us of the potential economic, health, and policy implications of our opinion.[6] We recognize that the transportation of involuntary patients by law enforcement implicates a number of complex issues. While our opinion addresses the narrow legal issue before us, the broader economic, health, and policy matters are appropriately addressed by the Legislature.

---

[4]We recognize that the term "inpatient mental health facility" is modified by the words "nearest" and "appropriate." *Id.* §§ 573.001(d)(1) (Vernon 2003), 573.012(e)(1) (Vernon Supp. 2009). Similarly, the term "mental health facility" is limited to one that is "deemed suitable by the local mental health authority." *Id.* §§ 573.001(d)(2) (Vernon 2003), 573.012(e)(2) (Vernon Supp. 2009). Whether a particular "inpatient mental health facility" is nearest or appropriate, and whether a "mental health facility" is deemed suitable by the local mental health authority are questions that involve factual considerations and are thus outside the purview of an attorney general opinion. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0726 (2009) at 3 ("We cannot find and resolve questions of fact in an attorney general opinion."). These fact questions, however, do not serve to expand the scope of subsections 573.001(d) and 573.012(e) such that the subsections include a facility that is neither an inpatient mental health facility or a mental health facility.

[5]Whether certain situations may trigger powers and duties of a peace officer outside of chapter 573 that would authorize or require the officer to take a person in custody to a medical facility is beyond the purview of your inquiry.

[6]*See* Brief from Kathryn Lewis, Advocacy Incorporated (Aug. 3, 2009); Brief from Sheree Hess, Hill Country Crisis Stabilization Unit (Aug. 7, 2009); Brief from Susan Stefan, Center for Public Representation (Aug. 3, 2009); Brief from Carvan E. Adkins, Texas Council of Community MHMR Centers, Inc. (Aug. 10, 2009) (all on file with Opinion Committee).

## S U M M A R Y

An inpatient mental health facility or a mental health facility is not statutorily authorized to require a peace officer to transport a person in custody under chapter 573, Health and Safety Code, to a medical facility for a medical evaluation prior to taking that person to the mental facility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee